[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiff has moved for summary judgment in this foreclosure proceeding on the complaint, answer and five separate defenses. The defendant opposes the motion on four separate grounds. The dispostive grounds is the claim that the affidavit filed in support of the motion is inadequate, defective and inadmissible. (Containing inadmissible evidence).
P. B. § 17-46 requires that material contained in affidavits submitted in support of a motion for summary judgment. "(1) be based on personal knowledge; (2) constitute facts that would be admissible at trial: and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." Barrett v. DanburyHospital, 232 Conn. 242, 251 (1995). As to documents. P. B. § 17-46 requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." In its reply to the defendants' objection. the plaintiff relies on the business record exception to the hearsay rule[1] to satisfy the requirement that an affidavit must be made on personal knowledge and that it must set forth facts that would be admissible at trial.
In deciding a motion for summary judgment "[t]he test is whether a party would be entitled to a directed verdict on the same facts." Sherwoodv. Danbury Hospital, 252 Conn. 193, 201 (2000). "To admit evidence under the business record exception to the hearsay rule, a trial court judge must find that the record satisfies each of the three conditions set forth in General Statutes 52-180." River Dock Pile, Inc. v. OGIndustries, Inc., 219 Conn. 787, 793 (1991). "To gain admission of a document under [General Statutes § 52-180]. the proponent must show that (1) the document was made in the regular course of business, (2) it was the regular course of business to make such a record, and (3) the record was made when the act, transaction or event occurred. or shortly thereafter." State v. Tillman, 220 Conn. 487,. 506 (1991). To provide a proper foundation for the admission of a business record, the party offering the evidence must present a witness "whose testimony provides the foundation for the admission of a business record [and who] must testify to the three statutory requirements." River Dock Pile, Inc. v.OG Industries, Inc., supra at 219 Conn. 794; State v. Tillman, supra,220 Conn. 505. "Conformity with the statutory conditions which permit the admission of business records is deemed to provide reasonable indicia of reliability." Federal Deposit Ins. Corp. v. Caraberta, 55 Conn. App. 384,393 (1999) cert. denied, 251 Conn. 928 (1999). "Although 52-180 is to be liberally construed, we cannot allow any of the three statutory requirements for the admission of business records to be ignored completely." River Dock Pile, Inc. v. OG Industries, Inc., supra,219 Conn. 797. CT Page 10436
If the party seeking to introduce evidence pursuant to the business record exception does not provide evidence at trial as to whether it was the regular course of business to make the records at issue, that the documents were made in the regular course of business, and that the record was made when the act, transaction or event occurred, or shortly thereafter, it is improper for the court to admit the evidence as business records under the business records exception. Id. at 796-97. Similarly, for summary judgment purposes, it would be improper for the court to admit evidence under the business record exception if the proponent thereof does not meet these conditions. In this case, the plaintiff argues that the "[b]usiness records are not hearsay documents because they fall within an exception to the hearsay rules. Mr. Imwold [the affiant] would testify that the loan documents are contained in and as [sic] the business records of the plaintiff. (Plaintiff's Reply. Section D (2).) Elsewhere the plaintiff states that "[t]he books and records of the Plaintiff are what would be introduced at trial," and that "[a]ll of the exhibits are referenced by the affiant as being included in and identified as the books and records" of the plaintiff. (Plaintiff's Reply. Section D (5).)
These statements do not reflect the law that establishes the required foundation for business records for purposes of summary judgment. The fact that Mr. Imwold would testify at trial is of no consequence at the summary judgment stage. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving parry. (Citations omitted). Miller v. United Technologies Corp., 233 Conn. 732,751-52 (1995). In this case, the affiant's assertions that he has "reviewed the books and records and am thoroughly familiar with them" and that he is "familiar with the facts surrounding the loans" but do not establish that such documents were made in the regular course of business, and that it was the regular course of business to make
documents of that type at the time of the transactions or within a reasonable time thereafter. "The mere fact that the [plaintiff] received [the documents] in the ordinary course of business and included the documents in its files tells us nothing about the motivation of the maker of the record, and therefore would not ordinarily satisfy the requirements of 52-180." River Dock Pile, Inc. v. OG Industries,Inc., supra at 219. Because there is nothing in the affiant's statements to indicate that the three requirements of General Statutes § 52-180
have been met, the documents cannot be admitted based on the affiant's statements. CT Page 10437
Accordingly the affidavit is fatally defective and the motion is denied.
BY THE COURT,
Mottolese, Judge